IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT SMETHURST,<br><br>     Plaintiff,<br>v.<br><br>SALT LAKE CITY CORPORATION,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Case No. 2:18-CV-00085<br>District Judge Jill N. Parrish |

Before the court is Defendant Salt Lake City's ("the City") Motion to Dismiss for Failure to State a Claim. The City seeks dismissal of Plaintiff Robert Smethurst's ("Smethurst") first cause of action, which asserts a claim against the City pursuant to 42 U.S.C. § 1983 for violations of Smethurst's Fifth and Fourteenth Amendment procedural due process rights. Smethurst opposes the motion and, in the alternative, requests leave to amend.

## I.    BACKGROUND[1]

Smethurst was a long-time employee of the City. At the time of his termination he was working for the City's Department of Public Utilities. In late 2016, Smethurst, beset by personal difficulties, sought leave pursuant to the Family and Medical Leave Act (FMLA). During early 2017, Smethurst took twelve weeks of FMLA leave, the entire amount to which he was entitled. Nearing the end of his leave, Smethurst contacted the City to explore taking additional time in order to complete a counseling program begun during his leave.

Smethurst directed his initial inquiry about additional leave to Darlene Harper, the City employee he thought was responsible for leave and leave-related issues. Harper spoke with Michael Morris in the City's Human Resources department ("HR") about Smethurst's inquiry.

---

[1] The facts recited below are as alleged in Smethurt's First Amended Complaint.

1

Morris, interpreting the inquiry as an inability to return to work at the conclusion of the FMLA leave, drafted a Notice of Intent to Separate Employment Due to Unavailability. Morris sent this notice first to Kelly Brown, a supervisor in the utilities department, for approval and ultimately to Smethurst. Smethurst responded to the notice by making numerous efforts to communicate with the City; some went unanswered, while others were answered in an unresponsive manner. Confused over the City's failure to respond to his inquiries, Smethurst did not return to work at the end of his FMLA leave, prompting Morris to draft a Separation Memorandum, which Brown approved, terminating Smethurst's employment. Smethurst did not receive a pre-termination hearing.

Following receipt of the Separation Memorandum, Smethurst filed a notice of appeal to the City's Employee Appeals Board ("EAB"). The EAB is a creature of state law, established by Utah Code § 10-3-1106, which is staffed by municipal employees and designated to hear appeals like the one brought by Smethurst. Salt Lake City Ordinance 2.24.060 defines the standard of review that will be applied to the various types of appeal. Where the appeal is from a disciplinary decision, the EAB must apply a "clearly erroneous" standard, asking whether "the department head's decision to impose discipline was clearly erroneous in light of the record viewed in its entirety." Where the appeal is from a layoff designation, the EAB's review is "limited to whether the city substantially followed its layoff procedures." And where the appeal is from a termination decision for nondisciplinary reasons, 2.24.060 requires that the EAB consider only "whether the city followed its procedures when it terminated the employee."

At a prehearing conference, the City determined that Smethurst's appeal was from a termination decision for nondisciplinary reasons. As a result, the EAB's review was limited to whether the City followed its own procedures in terminating Smethurst. Additionally, the City

determined that the EAB panel hearing Smethurst's appeal would be comprised solely of city employees in supervisory positions. Smethurst objected, contending (1) he was terminated for a disciplinary reason (implying that his termination should have been reviewed under the clearly erroneous standard in accordance with City Ordinance 2.24.060) and (2) as a nonsupervisory employee, he was entitled to a panel not entirely comprised of supervisory employees. Smethurst raised these same objections at the hearing but the City overruled them. At the conclusion of the hearing, the EAB determined that the City had followed its own procedures in terminating Smethurst and upheld his termination.

Smethurst filed suit in this court on January 25, 2018. In his Amended Complaint, filed on August 28, 2018, he alleges three causes of action under federal law and one cause of action under state law. The City's Motion to Dismiss is directed to Smethurst's First Cause of Action in which Smethurst alleges that the City should be held liable under 42 U.S.C. § 1983 for the violation of his Fifth Amendment and Fourteenth Amendment rights to due process in the termination of his public employment. Specifically, Smethurst alleges three procedural deficiencies: (1) the absence of a pre-termination hearing; (2) the lack of a proper post-termination process because the EAB was staffed with only supervisory employees; and (3) the lack of proper post-termination process because the City limited review of his termination appeal to whether the City followed its own procedures.

The City moves to dismiss Smethurst's Fifth Amendment claim because it is not properly brought against a municipality. Smethurst does not oppose the dismissal of his Fifth Amendment claim and it is therefore dismissed. The City also moves to dismiss Smethurst's Fourteenth Amendment claim, arguing that Smethurst has failed to plead facts supporting a finding that the City may be held liable for the alleged deprivation of Smethurst's due process rights.

## II. ANALYSIS

### A. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion-to-dismiss stage, [the court] must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 700 (10th Cir. 2014) (quoting *Cressman v. Thompson*, 719 F.3d 1139, 1152 (10th Cir. 2013)). "[A] court should disregard all conclusory statements of law [in the complaint] and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

### B. ELEMENTS OF A § 1983 CLAIM

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id*. Smethurst has alleged a claim for termination without due process of his public employment in which he had a property interest

based on the failure to provide a pre-termination hearing, the composition of the EAB panel, and the EAB's limited scope of review. The City does not argue that Smethurst has failed to allege a deprivation of his procedural due process rights. For the purposes of this motion, the court will therefore assume Smethurst has met his burden in this regard.

Next, the plaintiff must identify the "person" "acting under color of law," who caused the constitutional deprivation. Smethurst asserts that Salt Lake City should be held liable for his constitutional deprivations. In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978) the Supreme Court held that "municipalities and other local government units," including cities, are "persons" as defined by § 1983 and therefore "can be sued directly under § 1983." The issue here is whether Smethurst has successfully alleged that the City caused his constitutional deprivation.

## C. MUNICIPAL LIABILITY

### 1. Applicability of *Monell v. Department of Social Services*

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court set forth the elements necessary to hold a municipality liable under § 1983. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769 (10th Cir. 2013) (discussing municipal liability in the Tenth Circuit). Before addressing these elements, the court first considers Smethurst's argument that *Monell*'s elements do not apply to a § 1983 claim that alleges a deprivation of due process by a municipality. According to Smethurst, a plaintiff asserting a violation of his right to procedural due process need only establish possession of "a constitutionally protected liberty or property interest" and a lack of due process. *See* Opp'n Mot. Dismiss at 4.

The court is not persuaded. *Monell* itself established no such limitation nor is one found in the cases applying *Monell*. Moreover, none of the cases Smethurst cites supports his argument that the *Monell* factors are inapplicable to procedural due process claims. For example, in *Tapia v. City*

5

*of Albuquerque*, 10 F. Supp. 3d 1323, 1355 (D.N.M. 2014), the court does apply the *Monell* factors to a procedural due process claim. And the other cases Smethurst cites do not apply *Monell* only because the courts in those cases did not reach the issue of municipal liability. *See Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1249–51 (10th Cir. 2008) (reversing district court's denial of qualified immunity as to individual defendants); *West v. Grand Cty.*, 967 F.2d 362, 366 (10th Cir. 1992) (affirming district court's finding that employee failed to establish a constitutional deprivation); *Sonnet v. Lankford*, 2016 WL 9086969 at * 3 (D. Wyo. May 9, 2016) (finding that plaintiff failed to establish a constitutional deprivation). Thus, the absence of references to *Monell* in these cases sheds no light on its applicability to a § 1983 claim alleging a deprivation of procedural due process against a municipality.

    **2.  *Monell* Framework**

A § 1983 claim against a municipality must satisfy the requirements articulated in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Monell* recognized that a cause of action against a municipality lies under § 1983 where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. The Tenth Circuit has interpreted *Monell* and its progeny as imposing three requirements on plaintiffs bringing § 1983 claims against a municipality. They are: (1) the existence of an official policy or custom, (2) causation, and (3) state of mind. *Schneider*, 717 F.3d at 769. The City's Motion to Dismiss calls into question the Amended Complaint's sufficiency with regard to the first and second requirements of this "*Monell* framework." While the court finds that Smethurst has failed to adequately plead all of the elements necessary to hold Salt Lake City liable for Smethurst's alleged due process violations, it is possible that Smethurst may be able to cure these deficiencies. The court will therefore grant him leave to amend.

### a. Official Policy or Custom

To hold the City liable, Smethurst must first establish the existence of an official municipal policy or custom that caused the alleged deprivations of his due process. While § 1983 creates a vehicle for municipal liability, it does not give rise to a *respondeat superior* theory of municipal liability. *Monell*, 436 U.S. at 693. Indeed, "[t]he 'official policy' requirement [is] intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). The Tenth Circuit has defined an official municipal policy or custom as follows:

> A municipal policy or custom may take the form of (1) "a formal regulation or policy statement"; (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'"; (3) "the decisions of employees with final policymaking authority"; (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused."

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (alterations in original) (quoting *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010)).

The City argues that Smethurst has failed to identify any City policy or custom giving rise to his injury. But Smethurst's Amended Complaint does identify an official municipal policy addressing the standard of review applied by the EAB. And Smethurst alleges that the City announced at the prehearing conference that it would be limiting the EAB's review "pursuant to City Ordinance." Am. Compl. ¶ 47. An ordinance qualifies as an official policy or custom as "a formal regulation or policy statement." *Bryson*, 627 F.3d at 788. While the Amended Complaint

does not reference the ordinance by its official designation, Smethurst identifies it as City Code 2.24.060 in his Opposition to the Motion to Dismiss and the court may consider it. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The City does not contest that this ordinance governs the standard of review applied to EAB decisions. Instead, the City asserts that the policy or custom identified must itself be unconstitutional. Reply at 4. But the Supreme Court has "reject[ed] [the] contention that only unconstitutional policies are actionable under the statute." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).[2] Thus, accepting Smethurst's allegations as true, the Amended Complaint adequately pleads the existence of an official municipal policy or custom giving rise to the alleged lack of post-termination due process.

While Smethurst's Amended Complaint identifies an official policy giving rise to his claim of an inadequate post-termination proceeding, it does not allege facts plausibly suggesting the existence of an official municipal policy or custom giving rise to the City's failure to provide a pre-termination hearing or the City's decision to staff the EAB panel with only supervisory employees. Thus, the court will grant the city's motion to dismiss these claims. But the court will grant Smethurst leave to amend to see whether he can identify policies or customs giving rise to the remainder of his alleged due process deprivations.

b. **Causation**

To establish municipal liability, Smethurst must next "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997). The causation requirement, in conjunction

---

[2] The identification of an unconstitutional policy or custom, though not required, considerably simplifies the causation and state of mind analyses in the second and third parts of the *Monell* framework. *E.g. Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("Where a plaintiff claims that a particular municipal action *itself* violates federal law, or directs an employee to do so, resolving these issues of fault and causation is straightforward.").

with the official policy or custom requirement, allows a fact-finder to conclude that the municipality "subject[ed a person], or cause[d a person] to be subjected" to an illegal deprivation of his or her federal rights, in violation of § 1983. To successfully plead causation, "the challenged policy or practice must be 'closely related to the violation of the plaintiff's federally protected right.'" *Cacioppo v. Town of Vail, Colo.*, 528 Fed. Appx. 929, 932 (10th Cir. 2013) (quoting *Schneider*, 717 F.3d at 770). In the language of *Monell*, the plaintiff must show "that 'the municipality was the "moving force" behind the injury alleged.'" *Schneider*, 717 F.3d at 770 (10th Cir. 2013) (quoting *Brown*, 520 U.S. at 404).

Smethurst fails to allege facts that plausibly suggest the City caused the deprivation of his procedural due process rights. As to his claim that the City applied an improper standard of review, it is unclear whether Smethurst is alleging that City Ordinance 2.24.060 itself is unconstitutional or otherwise unlawful, or whether he is alleging that the City employee's determination of the applicable standard of review was unlawful.[3] If the former, Smethurst avoids "difficult problems of proof" by alleging facts plausibly suggesting that an *unlawful* official municipal policy or custom directly caused the deprivation of his due process rights. *Brown*, 520 U.S. at 406. On the other hand, if he is alleging that the deprivation of his right to due process was caused by a City employee's choice of the wrong standard of review, that allegation alone would not sustain a § 1983 claim. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) ("If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be

---

[3] The Amended Complaint does not directly address causation. Rather, Smethurst alleges that "[a]t the prehearing conference the City announce[d] that pursuant to City Ordinance the [EAB]'s review would be" limited, Am. Compl. ¶ 47, and at the hearing "[t]he City, through its HR director, instruct[ed] the Board members . . . not to rule on the merits of Mr. Smethurst's claim or appeal but . . . only to determine if the City had followed its procedures in terminating his employment," *Id.* ¶ 50, even though Smethurst "was being terminated for a disciplinary decision, i.e., not showing up to work[,]" Amended Complaint ¶ 49.

9

indistinguishable from *respondeat superior* liability.") (plurality opinion). To state a claim, Smethurst must allege that the City caused the deprivation of his due process rights by some mechanism other than "*solely . . .* employ[ing] a tortfeasor." *Monell*, 436 U.S. at 691.

As for Smethurst's allegations that the City violated his due process rights by not granting him a pre-termination hearing and by impermissibly staffing the review board with only supervisors, the court has already found that Smethurst has failed to allege an official policy or custom. Thus, he cannot establish a causal link to his alleged deprivations.

### c. State of Mind

The final element of a municipal liability claim is state of mind. Neither party addresses the state of mind requirement in their briefing. Accordingly, the court has limited its assessment of Smethurst's claim to the first two elements of the *Monell* framework. But the court notes that Smethurst will need to allege state of mind to successfully state a claim. This analysis may vary depending on whether Smethurst alleges that the City acted pursuant to an unlawful policy or custom, or whether an unlawful action was taken pursuant to a facially lawful policy or custom. *See Brown*, 520 U.S. at 405 (discussing pleading requirements when an unlawful policy is alleged); *but see*, *Schneider*, 717 F.3d at 770 and *Waller v. City & Cty. of Denver*, No. 17-1234, 2019 WL 3543115, at *4 (10th Cir. Aug. 5, 2019) (discussing the applicability of the deliberate indifference standard to certain municipal liability claims).

### III. LEAVE TO AMEND

At the conclusion of his response, Smethurst seeks "leave to file an amended complaint to cure any deficiencies found by this Court" should "the Court determine[] Mr. Smethurst has in fact failed to meet the pleading requirements." Opp'n Mot. Dismiss at 8 n.2. Under local rules, this

request is an improper motion for leave to amend. *See* DUCivR 15-1.[4] Failure to abide by the local rules is a sufficient basis for denying a motion. *Nhano-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010) ("Local rules that are consistent with the national rules have the force of law."). Nevertheless, the court retains discretion in applying the local rules. *Vittoria North America, L.L.C. v. Euro-Asia Imports Inc.*, 278 F.3d 1076, 1081 (10th Cir. 2001) ("[T]his court has . . . recognized that district courts have discretion in applying local rules") (quoting *Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986)). And, under Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment[,]" justice requires leave be given. *U.S. ex rel Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

None of the above concerns are implicated by Smethurst's request for leave to amend. Smethurst has not unduly delayed. His request for leave to amend this complaint was filed on November 9, 2018, less than one year after the case was filed. Additionally, the City will not be prejudiced if leave is granted because Smethurst does not seek to supplement his complaint with additional claims and the scheduling order has been stricken pending the resolution of this motion. Thus, there are no discovery deadlines that would limit the City's ability to put on a defense. The

---

[4] DUCivR 15-1 states:

> Parties moving under Fed. R. Civ. P. 15 to amend a complaint must attach the proposed amended complaint as an exhibit to the motion for leave to file. A party who has been granted leave to file must subsequently file the amended complaint with the court. The amended complaint filed must be the same complaint proffered to the court, unless the court has ordered otherwise.

City opposes Smethurst's request for leave to amend, arguing that the deficiencies in his pleading cannot be cured. The court disagrees. Following the *Monell* framework, Smethurst may be able to make out a claim for violations of his Fourteenth Amendment due process rights against the City. Thus, notwithstanding its improper form, the court will grant Smethurst's request for leave to amend.

## IV. ORDER

The court **GRANTS** Defendant's Motion to Dismiss Plaintiff's first cause of action and **GRANTS** Smethurst leave to amend. Smethurst's second amended complaint is due within twenty-one days from the date of this order, by **September 6, 2019**.

Signed August 16, 2019

BY THE COURT

Jill N. Parrish
United States District Court Judge